JASON H. ALPERSTEIN, ESQ.
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
1 West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
Fax: (954) 525-4300
Email: alperstein@kolawyers.com

BURAK S. AHMED, ESQ.
Nevada Bar No. 12547
LAW OFFICES OF BURAK S. AHMED, P.C.
3651 Lindell Road, Suite D812
Las Vegas, Nevada 89103
Tel: (702) 934-4766
Fax: (702) 852-0970
Email: bsa@burakahmed.com

*Attorneys for Plaintiff Linda Lee Sipple
and the Putative Classes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LINDA LEE SIPPLE, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>ZIONS BANCORPORATION, N.A.,<br><br>Defendant. | Case No. 2:21-cv-00904-GMN-NJK<br><br>**AMENDED STIPLATION AND ORDER TO EXTEND DEADLINES IN SCHEDULING ORDER**<br><br>[FIRST REQUEST] |

Plaintiff Linda Lee Sipple ("Sipple") and defendant Zions Bancorporation, N.A. ("Zions"), by and through their undersigned attorneys, hereby stipulate and agree as follows:

1. The Court entered its Scheduling Order on September 9, 2021, setting, in relevant part, March 1, 2022, as the deadline for Plaintiff to file her motion for class certification. Dkt. No. 29.

2. The Parties have been actively engaged in discovery since the Court's entry of the Scheduling Order.

**Statement of Discovery Completed**:

3. The Parties each served initial disclosures.

4. Plaintiff served her First Set of Request for Production of Documents and First Set of Interrogatories on Zions on September 1, 2021.

5. Zions served its written responses and objections to Plaintiff's discovery requests on October 29, 2021. The Parties met and conferred regarding these responses on numerous occasions, including via telephone on November 11, 2021, via e-mail on December 8 and 10, 2021, via letter on January 13, 2022, and continuing thereafter.

6. The Parties have negotiated a Stipulation and Order Regarding Production of Hard Copy Documents and Electronically Stored Information ("ESI Protocol"), as well as a Stipulated Protective Order ("Protective Order"), to facilitate Zion's document production in response to Plaintiff's document requests. The ESI Protocol and Protective Order were entered by the Court on December 3, 2021. Dkt Nos. 38, 39.

7. Zions has made document productions consisting of account statements and contracts in response to certain of Plaintiff's document request. To date, Zions has produced a total of 185 documents totaling 1,221 pages.

**Description of Discovery That Remains to Be Completed**:

8. Though Plaintiff has requested, and Zions has agreed to produce, certain back-end transactional data, Zions has not yet produced this data. This back-end transactional data has not yet been produced because it is voluminous and because Zions has required additional time to export it from its core processing system. The transactional data will be used by Plaintiff's expert in support of class certification to demonstrate that the class is ascertainable and damages can be calculated on a class-wide basis. Zions, in contrast, expects this data to support a number of its defenses and to demonstrate the case is not appropriate for class certification.

9. Though Plaintiff has requested, and Zions has agreed to produce, ESI pursuant to the Parties' stipulated ESI Protocol, not all requested ESI has been produced to date, and the production of ESI thus far has been related to iterations of the relevant fee disclosures and cardholder agreements for Zions's divisions. Though the Parties have been working diligently to agree on custodians and

search terms, the ESI process is lengthy and negotiating the parameters of the search requires additional time.

10.  Though Plaintiff has requested, and Zions has agreed, to supplement its interrogatory responses and already provided certain supplemental responses at this time, it has not completed its supplement regarding to the transactional data, in part because these supplemental responses require an examination of the back-end transactional data discussed above.

11.  No depositions have been conducted. Plaintiff is unable to notice and take depositions until the aforementioned data and ESI is produced. Taking the deposition now, without a complete document production, will result in duplicative depositions, which both Parties agree is inefficient.

**The Reasons Why the Deadline Was Not Satisfied:**

12.  Though the Parties have been working diligently and cooperatively to work through any potential discovery disputes, the Parties require additional time to complete discovery.

13.  Specifically, as explained above, Zions has agreed to produce certain categories of documents but not has not been able to complete the production for multiple reasons. First, regarding the scope of transactional data for foreign transaction fees, Plaintiff has sought a variety of specific information regarding each transaction. It has been necessary to identify and extract a subset of data pursuant to discovery meet-and-confers with Plaintiff's counsel to try and satisfy that request. This data involves thousands of transactions and also involves confidential personal information of individuals who are not party to this action or even within the putative class. Protecting the identities of those individuals while identifying the responsive transactional information available to Zions has required extensive efforts and taken more time than anticipated. Zions's counsel was recently provided the resulting transaction data and expects to produce it as soon as practicable.

14.  Additionally, identifying additional custodians for searches of Zions's custodial records has taken additional time because (a) Zions has multiple divisions operating different bank branches in multiple states and (b) it has taken additional time to try to identify the best-suited custodians from the various divisions that are most likely to have responsive records. Once identified, preliminary searches using proposed search terms will be needed to address any burden issues before

the parties can agree to search terms and proceed with review and production of responsive custodial ESI. The parties have worked in earnest and continue to do so in the interests of advancing this dispute.

15. Because Plaintiff cannot move forward with depositions without a complete document production, the Parties require additional time to complete discovery.

16. The Parties' request for an extension is further supported by the pendency of Plaintiff's motion to remand (Dkt. No. 10) and Zions' motion to dismiss (Dkt. No. 31), which may impact the scope of the class claims asserted by Plaintiff in this action, and therefore affect Plaintiff's forthcoming class certification motion.

17. The Parties have not previously requested any extension or modification of deadlines by this Court.

**Proposed Schedule For Completing All Remaining Discovery**

18. Based on the foregoing, the Parties propose the below revised schedule for this matter:

| Event | Date |
| --- | --- |
| Discovery Cut-off Date | December 29, 2022 |
| Amending the Pleadings and Adding Parties | September 28, 2022 |
| Fed. R. Civ. P. 26(a)(2)(D)(i) Disclosures (Experts) | October 28, 2022 |
| Fed. R. Civ. P. 26(a)(2)(D)(ii) Disclosures (Rebuttal) | November 28, 2022 |
| Deadline to file motion for class certification | June 29, 2022 |
| Deadline to file response to motion for class certification | August 28, 2022 |
| Deadline to file reply in support of motion for class certification | October 13, 2022 |
| Dispositive Motions | January 28, 2023 |
| Pretrial Order | February 28, 2023 |

**IT IS SO ORDERED**.

Dated: March 8, 2022

_____
Nancy J. Koppe
United States Magistrate Judge